IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY E. HERRERA, | No. 4:25-CV-01512 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| MALACHY MANNION and PETER J. WELSH, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 14, 2025

Plaintiff Jeffrey Herrera, a serial litigant in this Court, lodged the instant *pro se* civil rights lawsuit in August 2025, asserting claims under 42 U.S.C. § 1983 against a federal district court judge and the district's Clerk of Court.[1] Because Herrera fails to state a claim for relief and because his lawsuit is legally frivolous, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.   BACKGROUND

As noted above, Herrera is no stranger to this Court.  He has filed at least seven civil rights lawsuits in this district,[2] as well as multiple habeas petitions.[3]  In

---

[1]  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2]  Case numbers 3:22-cv-1530, 3:22-cv-1992, 3:22-cv-1998, 3:24-cv-202, 3:24-cv-504, 3:24-cv-1505, 4:25-cv-1512.
[3]  Case numbers 3:22-cv-1946, 3:22-cv-1947, 3:24-cv-244.

the instant Section 1983 complaint, Herrera appears to challenge the handling of one of his other civil rights cases—*Herrera v. Pennsylvania Board of Probation & Parole*, No. 3:22-cv-1530 (M.D. Pa.) (Mannion, J.).[4]

In that case, Herrera's Section 1983 complaint was initially dismissed in November 2022 by the Honorable Malachy E. Mannion based primarily on the favorable termination rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).[5] Herrera appealed and, after a lengthy stint at the United States Court of Appeals for the Third Circuit, successfully obtained reversal of that dismissal.[6] The Third Circuit held that Herrera's Section 1983 overdetention claim was not barred by *Heck v. Humphrey*'s favorable termination rule and that he had plausibly alleged such an Eighth Amendment claim.[7] The court of appeals thus vacated and remanded for further proceedings.[8]

Following the Third Circuit's issuance of its mandate on April 7, 2025,[9] Judge Mannion promptly reopened Herrera's case.[10] Judge Mannion additionally established a briefing schedule to address the potential statute-of-limitations issue noted by the Third Circuit[11] and raised by Herrera in his April 10, 2025 "Petition to

---

[4] *See* Doc. 1 at 4-5.
[5] *See Herrera*, No. 3:22-cv-1530, Doc. 12 at 4-5 (M.D. Pa. Nov. 9, 2022) (Mannion, J.).
[6] *See generally Herrera v. Agents of Pa. Board of Prob. & Parole*, 132 F.4th 248 (3d Cir. 2025).
[7] *See id.* at 257-58.
[8] *Id.* at 258.
[9] *See Herrera*, No. 3:22-cv-1530, Doc. 37 (M.D. Pa. Apr. 7, 2025) (Mannion, J.).
[10] *See id.*, Doc. 41 (M.D. Pa. Apr. 11, 2025) (Mannion, J.).
[11] *See id.* at 3-4; *Herrera*, 132 F.4th at 258.

Equitably Toll Statute of Limitations."[12]  Herrera was given 30 days to file a brief in support of his equitable tolling argument.[13]

Herrera quickly filed his response, labeled "petition to favorably rule statute of limitations (pro se)," which was received and docketed on April 21, 2025.[14]  Four days later, Judge Mannion entered an order requiring Defendants to respond to Herrera's filing within fourteen days or Herrera's timeliness arguments would be deemed unopposed.[15]  Defendants did not file any such response within the time allotted.

Herrera, on the other hand, filed a flurry of motions over the following weeks.[16]  Additionally, on June 5, 2025, he filed a notice of appeal challenging Judge Mannion's interlocutory order denying his motion for appointment of counsel.[17]  The following month, Herrera resumed his deluge of motions, filing no less than <u>nine</u> motions in the district court in the span of approximately 60 days.[18]

On August 6, 2025, in the middle of his feverish motion practice, Herrera lodged the instant civil rights action in this Court.[19]  In his complaint, he essentially alleges that Judge Mannion "ignored" or refused to answer the various motions he

---

[12] *Herrera*, No. 3:22-cv-1530, Doc. 40 (M.D. Pa. Apr. 10, 2025) (Mannion, J.).
[13] *See id.*, Doc. 41 at 3 (M.D. Pa. Apr. 11, 2025) (Mannion, J.).
[14] *See id.*, Doc. 44 (M.D. Pa. Apr. 21, 2025) (Mannion, J.).
[15] *See id.*, Doc. 45 at 2 (M.D. Pa. Apr. 25, 2025) (Mannion, J.).
[16] *See id.*, Docs. 47, 48, 49, 50, 51 (M.D. Pa.) (Mannion, J.).
[17] *See id.*, Doc. 53 (M.D. Pa. June 5, 2025) (Mannion, J.).  That appeal was recently dismissed for lack of appellate jurisdiction.  *See id.*, Doc. 73 (M.D. Pa. Sept. 30, 2025) (Mannion, J.).
[18] *See id.*, Docs. 58, 59, 60, 61, 63, 64, 66, 70, 72 (M.D. Pa.) (Mannion, J.).
[19] Doc. 1.

filed in case number 3:22-cv-1530, including his requests for injunctive relief, change of venue, recusal, stay of proceedings, leave to amend, and service by the U.S. Marshals.[20] Herrera contends that Judge Mannion has violated Federal Rule of Civil Procedure 4, 28 U.S.C. § 1915, the First Amendment's Petition Clause and right of access to the courts, and the Fourteenth Amendment's guarantees of due process and equal protection.[21] He sues Judge Mannion as well as Peter J. Welsh, the Clerk of Court for the Middle District of Pennsylvania.[22]

Herrera, however, fails to state a claim upon which relief may be granted. His lawsuit is the quintessential example of a legally frivolous action, so it will be dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

## II.   STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[23] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[24] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to

---

[20] *Id.* at 4.
[21] *Id.* at 5.
[22] *Id.* at 2-3.
[23] *See* 28 U.S.C. § 1915A(a).
[24] *Id.* § 1915A(b)(1).

4

screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[25]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[26] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[27] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[28]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[29] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[30] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal

---

[25] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[26] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[27] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[28] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[29] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[30] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[31] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[32] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33]

Because Herrera proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[34]  This is particularly true when the *pro se* litigant, like Herrera, is incarcerated.[35]

### III.   DISCUSSION

Herrera's complaint is fatally deficient for multiple reasons.  The Court will address his pleading deficiencies in turn.

#### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[36]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal

---

[31] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[32] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[33] *Iqbal*, 556 U.S. at 681.
[34] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[35] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[36] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

6

involvement in the alleged misconduct."[37] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[38] Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[39]

Herrera's first pleading misstep is that he has not plausibly alleged personal involvement by Clerk of Court Peter J. Welsh. Nowhere in his complaint does he assert that Welsh took any unconstitutional action. Welsh's name, in fact, appears only in the defendant-identification section of the form complaint.[40] To plausibly plead a Section 1983 claim, however, Herrera must specify *each* Defendant's personal involvement in the purported constitutional misconduct. Herrera's complaint does not do so for Welsh. Thus, the Court must dismiss the Section 1983 claims against Welsh pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

---

[37] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citing *Rode*, 845 F.2d at 1207).
[38] *Id.* (quoting *Rode*, 845 F.2d at 1207).
[39] *See id.* at 374 (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[40] *See* Doc. 1 at 3.

**B.  Section 1983 Claims Against Judge Mannion**

The gravamen of Herrera's instant lawsuit is that he believes that Judge Mannion is not adjudicating his case at the tempo that Herrera would prefer. But Herrera's Section 1983 claims against Judge Mannion are plainly barred by judicial immunity, and they are also wholly meritless. Consequently, the Court will dismiss Herrera's lawsuit with prejudice.

Judicial officers have absolute immunity from suit with respect to the performance of their judicial duties and cannot be held liable for their judicial acts.[41] That immunity is broad. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[42] Thus, absolute judicial immunity can be overcome only in two rare circumstances: (1) in the case of nonjudicial actions, *i.e.*, "actions not taken in the judge's judicial capacity"; and (2) when actions are taken in the "complete absence of jurisdiction."[43]

Even under the most liberal construction, Herrera's complaint is plainly barred by judicial immunity. He essentially alleges that Judge Mannion has not

---

[41] *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 12 (1991)).
[42] *Id.* (internal quotation marks omitted) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).
[43] *Mireles*, 502 U.S. 9 at 11-12 (citations omitted).

acted on his various motions quickly enough and has therefore violated his federal rights. Of course, whether and when a judge acts on a pending motion is a quintessential judicial duty, and one for which Judge Mannion clearly has jurisdiction. Accordingly, any Section 1983 claim targeting Judge Mannion for his alleged failure to timely adjudicate Herrera's recently filed motions is barred by absolute judicial immunity.

Herrera's claims are also facially frivolous. Even a cursory review of the docket reveals that Herrera's case is being handled in a timely and appropriate manner. The fact that he chose to file over a dozen motions in quick succession—many of them failing to comply with Local Rule of Court 7.5 because they are not accompanied by a separate brief in support that satisfies the briefing requirements of Local Rule of Court 7.8—does not imply or infer that his case is being managed in a way that violates the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, or the First or Fourteenth Amendment. Herrera fails to plausibly state a constitutional tort because his sole allegation is that his motions are not being addressed as quickly as he would like, which does not, and cannot, state a constitutional violation.

Herrera—like all civil litigants—must accept the fact that federal judicial officers manage large dockets with hundreds of civil and criminal cases, and that his case is no more (or less) important than other similarly situated civil litigants.

If Herrera believes that there has been inordinate or undue judicial delay "tantamount to a failure to exercise jurisdiction" in his case,[44] he is free to file a petition for a writ of mandamus with the United States Court of Appeals for the Third Circuit. Yet because there unequivocally has been no such delay in his case, this Court admonishes Herrera that such a filing at this time would be both frivolous and a misuse of judicial resources.

### C. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[45] The Court will deny leave to amend, as it is clear that Herrera has not plausibly stated, and cannot plausibly state, a Section 1983 claim against Judge Mannion or Welsh for the handling of his civil rights case, and thus granting leave to amend would be futile. Herrera's claims against Judge Mannion are both legally frivolous and barred by judicial immunity, and any claim against the Clerk of Court would likewise be baseless.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Herrera's complaint pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous and because it

---

[44] *See Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996), *superseded in part on other grounds by* 3d Cir. L.A.R. 24.1(c) (1997).
[45] *Grayson*, 293 F.3d at 114.

fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge